UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

MARK ANTHONY REED,

                    Plaintiff,                           Case No. 2:24-cv-97

v.                                                        Honorable Maarten Vermaat

UNKNOWN KUIPER et al.,

                    Defendants.

_____/

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court will grant Plaintiff leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1, PageID.4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under

longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

2

consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Kuiper and Unknown Medical Provider "John Doe." The Court will also dismiss, on grounds of immunity, Plaintiff's Eighth Amendment claim for damages against Defendant Hayjurst[2] in his official capacity. Plaintiff's Eighth Amendment claim against Defendant Hayjurst in individual capacity, and Eighth Amendment claim for injunctive relief against Defendant Hayjurst in his official capacity remain in the case.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

[2] Plaintiff refers to this Defendant as "Hayjurst" in the caption of the complaint but "Hayhurst" in his allegations. The Court will use "Hayjurst" to refer to this Defendant.

<u>**Discussion**</u>

**I.     Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Kinross Correctional Facility (KCF) in Kincheloe, Chippewa County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Dentists Dr. Unknown Kuiper and Dr. Unknown Hayjurst, as well as Unknown Medical Provider "John Doe."

Plaintiff alleges that, on May 18, 2022, he wrote to "dental" about replacing his partial.[3] (ECF No. 1, PageID.7.) That same day, he was being examined by Defendant Kuiper. (*Id.*) Plaintiff told Defendant Kuiper, "I haven't been to the dentist in a long [time]. I have a partial, it keeps falling out and I can't eat with it." (*Id.*, PageID.7–8.) Plaintiff also told Defendant Kuiper that he was having "very slight pain in his jaw area." (*Id.*, PageID.7.) Defendant Kuiper told Plaintiff that "they" cannot replace Plaintiff's partial unless he was missing a specific number of teeth. (*Id.*, PageID.8.)

On July 18, 2023, "after dealing with the slight pain in his jaw," Plaintiff "wrote dental." (*Id.*) On July 20, 2023, Plaintiff received a response from non-party Sandra Fountain that he would be scheduled for a visit. (*Id.*, PageID.7.) Plaintiff was seen by Defendant Kuiper the following day, on July 21, 2023. (*Id.*, PageID.8.) Defendant Kuiper told Plaintiff that Plaintiff's jaw was out of alignment because of an "uneven bite," and recommended that Plaintiff wear his existing partial even though Plaintiff told Defendant Kuiper that the partial was "old and cracked." (*Id.*) Again, Defendant Kuiper told Plaintiff that it could not be replaced, but informed Plaintiff that he would contact his "heads" and ask what he could do. (*Id.*)

---

[3] The Court understands Plaintiff's reference to his partial to refer to a partial denture to replace missing teeth when a person still has other teeth remaining.

On August 1, 2023, Plaintiff wrote to dental explaining that he was experiencing "very serious pain in his jaw while trying to eat." (*Id.*) On August 3, 2023, Plaintiff was seen by Defendant Hayjurst. (*Id.*) "Plaintiff stated jaw joint was very painful causing his ear to hurt, had to soak food[] just to eat. Chronic pain and nothing was given for the pain." (*Id.*) Defendant Hayjurst told Plaintiff to wear a mouth guard and his partial. (*Id.*) Plaintiff alleges that he did not have a mouth guard and his partial did not fit. (*Id.*)

On September 10, 2023, Plaintiff again wrote to dental about the pain that he was in, that he had no way of getting a mouth guard, and that he did not believe that a mouth guard would stop the pain while Plaintiff was eating. (*Id.*, PageID.7, 9.) Plaintiff was told by Ms. Fountain that he would be scheduled for a visit. (*Id.*, PageID.7.) "Their response" to Plaintiff was for Plaintiff to eat soft foods. (*Id.*, PageID.9.) Plaintiff describes that he is on a vegan diet with foods such as soy, beans, bean burgers, bean soup, bean salad, and salads. (*Id.*)

On January 23, 2024, Plaintiff wrote to dental and received a "long response;" however, Plaintiff does not detail the contents of that response. (*Id.*)

On May 13, 2024, Plaintiff wrote to "the dentist" about the recommendation that Plaintiff eat soft foods, asking if they could recommend that Plaintiff's foods be served in soft form because the things that Plaintiff was eating were hard. (*Id.*) Plaintiff received a response from an unidentified dietitian that "[t]he MDOC mechanical soft diet is ground meat, since you are on the Religious meals vegan menu, nothing would be different from your meal to the soft meal." (*Id.*) Plaintiff did not receive any further treatment. (*Id.*, PageID.7.) He filed his complaint on June 5, 2024. (*Id.*, PageID.10.)

Plaintiff brings claims against Defendants in their individual and official capacities. (*Id.*, PageID.2.) He seeks monetary damages and injunctive relief. (*Id.*, PageID.10.)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

6

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Here, the Court construes Plaintiff's complaint as bringing Eighth Amendment claims against Defendants Kuiper and Hayjurst in their individual and official capacities for inadequate dental care. (ECF No. 1, PageID.2.) Plaintiff also lists John Doe as a Defendant but does not reference John Doe in the substantive allegations of the complaint.

### A.      John Doe Defendant

Plaintiff lists "John Doe" as a Defendant when setting forth the parties to the litigation (ECF No. 1, PageID.2); however, Plaintiff never mentions John Doe when setting forth his factual allegations.

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 555–61 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights). Additionally, any "[s]ummary reference to a single, five-headed 'Defendants' [or medical staff] does not support a reasonable inference that each Defendant is liable. . ." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citation omitted) ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate

what each defendant did to violate the asserted constitutional right." (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008))). Thus, Plaintiff's claims against Defendant John Doe fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure and will be dismissed. Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

####    B.    Official Capacity Claims

Plaintiff names Defendants Kuiper and Hayjurst in both their individual and official capacities. (ECF No. 1, PageID.2.) He alleges that both Defendants are employed by the MDOC. (*Id.*, PageID.5.)

A suit against an individual in his or her official capacity is equivalent to a suit against the governmental entity; in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the United States Court of Appeals for the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See, e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010). Thus, an official capacity defendant is also absolutely immune from monetary damages. *See Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of*

*Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998). Therefore, Plaintiff may not seek monetary damages against Defendants in their official capacities.

Here, Plaintiff seeks injunctive and declaratory relief, as well as monetary damages. (ECF No. 1, PageID.10.) Although damages claims against official capacity defendants are properly dismissed, an official capacity action seeking injunctive or declaratory relief constitutes an exception to sovereign immunity. *See Ex Parte Young*, 209 U.S. 123, 159–60 (1908) (holding that the Eleventh Amendment immunity does not bar prospective injunctive relief against a state official). The United States Supreme Court has determined that a suit under *Ex Parte Young* for prospective injunctive relief should not be treated as an action against the state. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). Instead, the doctrine is a fiction recognizing that unconstitutional acts cannot have been authorized by the state and therefore cannot be considered done under the state's authority. *Id.* Therefore, Plaintiff's claims against Defendants in their official capacities for injunctive relief will be addressed with Plaintiff's individual capacity claims, below.

### C.   Eighth Amendment Claims

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

Deliberate indifference may be manifested by a doctor's failure to respond to the medical needs of a prisoner, or by "prison guards in intentionally denying or delaying access to medical

care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle*, 429 U.S. at 104–05.

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008). Obviousness, however, is not strictly limited to what is detectable to the eye. Even if the layman cannot see the medical need, a condition may be obviously medically serious where a layman, if informed of the true medical situation, would deem the need for medical attention clear. *See, e.g.*, *Rouster v. Saginaw Cnty.*, 749 F.3d 437, 446–51 (6th Cir. 2014) (holding that a prisoner who died from a perforated duodenum exhibited an "objectively serious need for medical treatment," even though his symptoms appeared to the medical staff at the time to be consistent with alcohol withdrawal); *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (holding that prisoner's severed tendon was a "quite obvious" medical need, since "any lay person would realize to be serious," even though the condition was not visually obvious). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay

in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. To prove a defendant's subjective knowledge, "[a] plaintiff may rely on circumstantial evidence . . . : A jury is entitled to 'conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at 842).

However, not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105–06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017); *Briggs v. Westcomb*, 801 F. App'x 956, 959 (6th Cir. 2020); *Mitchell v. Hininger*, 553 F. App'x 602, 605

(2014). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Rouster*, 749 F.3d at 448; *Perez v. Oakland Cnty.*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440–41 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). "Where the claimant received treatment for his condition, . . . he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell*, 553 F. App'x at 605 (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)). The prisoner must demonstrate that the care the prisoner received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 819 (6th Cir. 2005) (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)).

### D.    Defendant Kuiper

Plaintiff alleges that, on two occasions, he expressed to Defendant Kuiper that he was experiencing "very slight pain" in his jaw. (ECF No. 1, PageID.7–8.) Plaintiff's allegations of "very slight pain" during this time do not rise to the level of an objectively serious medical condition posing a substantial risk of serious harm. Plaintiff does not allege that, at the time that

he was being treated by Defendant Kuiper, Plaintiff was experiencing serious pain necessitating medical treatment. Therefore, Plaintiff has not alleged facts that would plausibly suggest a serious need for medical care. On this basis alone, Plaintiff fails to state an Eighth Amendment claim against Defendant Kuiper.

### E.    Defendant Hayjurst

In contrast to Plaintiff's claim against Defendant Kuiper, Plaintiff alleges that, at the time that he was being treated by Defendant Hayjurst, Plaintiff was experiencing "very serious pain in his jaw while trying to eat," which required that Plaintiff "soak [his] food[] just to eat." (*Id.*, PageID.8.) At this stage in the proceedings, the Court assumes without deciding that Plaintiff has alleged a sufficiently serious medical condition for purposes of his Eighth Amendment claim.

Additionally, Plaintiff claims that Defendant Hayjurst was aware of Plaintiff's serious medical condition but told Plaintiff to wear a mouth guard, which would not have solved Plaintiff's inability to eat the food that he was being served, and to wear his partial, which did not fit. (*Id.*) Plaintiff alleges that Defendant Hayhurst failed to provide Plaintiff with any medical care to alleviate Plaintiff's condition. Taking Plaintiff's allegations as true, Plaintiff's Eighth Amendment claim against Defendant Hayjurst in his individual capacity and Plaintiff's Eighth Amendment claim for injunctive relief against Defendant Hayjurst in his official capacity cannot be dismissed on screening.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Kuiper and Unknown Medical Provider "John Doe" will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, on grounds of immunity, Plaintiff's Eighth Amendment claim for damages against Defendant Hayjurst in his official capacity. Plaintiff's Eighth Amendment claim

13

against Defendant Hayjurst in his individual capacity, and Eighth Amendment claim for injunctive

relief against Defendant Hayjurst in his official capacity remain in the case

      An order consistent with this opinion will be entered.


Dated:   July 12, 2024                  /s/ *Maarten Vermaat*
                                          Maarten Vermaat
                                          United States Magistrate Judge

14